IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SHAWNQUELL SHIGGS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. _____ |
| | : | |
| SECURITY ASSOCIATES OF | : | |
| COASTAL GEORGIA, LLC | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff Shawnquell Shiggs ("Shiggs") brings his FLSA Complaint against Defendant Security Associates of Coastal Georgia ("Security Associates") as follows:

### INTRODUCTION

1.

Security Associates provides security services, primarily at movie production sites. It wrongfully classified Shiggs as an independent contractor during multiple pay periods and failed to pay him the required FLSA premium for his overtime.

### JURISDICTION AND VENUE

2.

This Court has subject-matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), and 28

U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Southern District of Georgia under 28 U.S.C. § 1391 because Security Associates is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

THE PARTIES

4.

Shiggs resides within Chatham County, Georgia.

5.

Security Associates employed Shiggs as a security officer from April 13, 2022 through the date of filing the within Complaint (hereinafter "the Relevant Time Period").

6.

Security Associates is a domestic limited liability company organized under the laws of the State of Georgia.

7.

Security Associates is subject to the personal jurisdiction of this Court.

8.

Security Associates may be served with process through its registered agent, Bryan A. Schivera at 218 West State Street, Savannah, Georgia 31401.

**FLSA ENTERPRISE COVERAGE**

9.

At all times during the Relevant Time Period, Security Associates has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Throughout the Relevant Time Period, two or more employees of Security Associates handled materials used by the company for its business purposes including, but not limited to, office furniture, phones, computers, and office supplies.

11.

Throughout 2022, Security Associates employed two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

Throughout 2022, Security Associates employed two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

In 2022, Security Associates had or is expected to have an annual gross volume of sales made or business done of not less than $500,000.

14.

Throughout the Relevant Time Period, Security Associates had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

Throughout the Relevant Time Period, Security Associates has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**FLSA INDIVIDUAL COVERAGE**

16.

Throughout the Relevant Time Period, Shiggs was "engaged in commerce" as an employee of Security Associates within the meaning of FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**SECURITY ASSOCIATES' BUSINESS OPERATION**

17.

Security Associates contracts with commercial clients, to provide security officers at the commercial client locations.

18.

Security Associates primarily places security officers at movie production locations.

19.

Security Associates' security officers observe and report suspicious activity, render immediate care when necessary and perform other security-related duties.

20.

Security Associates' security officers may work at multiple client locations during any given shift and travel to and between Security Associates' client locations during the course of a shift.

MISCLASSIFICATION AS AN INDEPENDENT CONTRACTOR

21.

During multiple pay periods from April 13, 2022 through approximately July 2022, Security Associates classified Shiggs as an independent contractor.

22.

Throughout the Relevant Time Period, Shiggs was economically dependent on Security Associates for his livelihood.

23.

Throughout the Relevant Time Period, Security Associates exercised control over the time that Shiggs worked.

24.

Throughout the Relevant Time Period, Security Associates exercised control over the manner in which Shiggs worked.

25.

Throughout the Relevant Time Period, Shiggs did not solicit customers on his own behalf.

26.

Throughout the Relevant Time Period, all of Shiggs' efforts were directed at serving the customers, employees and agents of Security Associates.

27.

Throughout the Relevant Time Period, Security Associates required Shiggs to purchase equipment necessary to perform his job duties as a security officer, including shirts emblazoned with Security Associates' logo.

28.

Throughout the Relevant Time Period, Security Associates provided Shiggs with training for the position he held.

29.

Throughout the Relevant Time Period, Shiggs did not advertise on his own behalf in connection with the type of services he performed for Security Associates.

30.

Throughout the Relevant Time Period, Shiggs did not make any significant investments into his work such that he shared any significant risk of loss.

31.

Throughout the Relevant Time Period, Security Associates bore all costs associated with advertising, marketing, and promoting the business of Security Associates.

32.

Throughout the Relevant Time Period, Shiggs did not exercise independent business judgment in connection with his work for Security Associates.

33.

Throughout the Relevant Time Period, Security Associates did not permit Shiggs to subcontract out his work or hire employees to perform his job duties.

34.

Throughout the Relevant Time Period, Security Associates negotiated contracts for the clients that Shiggs served without input or direction from Shiggs.

35.

Throughout the Relevant Time Period Shiggs's opportunity for profit or loss did not depend on Shiggs' managerial skill.

36.

Throughout the Relevant Time Period, the work that Shiggs performed for Security Associates did not require a special skill.

37.

Throughout the Relevant Time Period, Shiggs worked for Security Associates on a consistent and full-time basis.

38.

Throughout the Relevant Time Period, Security Associates provided Shiggs with job assignments and locations.

39.

Throughout the Relevant Time Period, Security Associates' sole business was providing security officer services to its clients.

40.

Throughout the Relevant Time Period, the work performed by Shiggs was an integral part of Security Associates' business.

41.

During multiple pay periods from April 13, 2022 through approximately July 2022, Security Associates misclassified Shiggs as an independent contractor.

42.

Throughout the Relevant Time Period, Shiggs was an "employee" of Security Associates within the meaning of FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

43.

Throughout the Relevant Time Period, Security Associates was an "employer" of Shiggs within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

### SHIGGS' NON-EXEMPT STATUS

44.

Throughout the Relevant Time Period, Shiggs was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

45.

Throughout the Relevant Time Period, Shiggs was not employed by Security Associates in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

46.

Throughout the Relevant Time Period, Shiggs was not employed by Security Associates in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

47.

Throughout the Relevant Time Period, Shiggs was not employed by Security Associates in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

48.

Throughout the Relevant Time Period, Shiggs was not employed by Security Associates in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

49.

At all times during the Relevant Time Period, Shiggs was paid on an hourly basis.

**ADDITIONAL FACTUAL ALLEGATIONS**

50.

Security Associates employed Shiggs as a security officer from April 13, 2022 through the date of filing the within Complaint.

51.

At all times during Plaintiff's employment, Security Associates normally scheduled Shiggs to work 6 days during each work week.

52.

Occasionally, Shiggs worked 7 days during some work weeks.

53.

Throughout the Relevant Time Period, Shiggs often traveled between job locations in a single workday performing security services for Security Associates.

54.

At all times during Plaintiff's employment, Security Associates normally scheduled Shiggs to work from 6:00 p.m. until 6:00 a.m.

55.

At all times during the Relevant Time Period, Shiggs worked 12-14 hours during most work shifts.

56.

During the Relevant Time Period, Shiggs worked approximately 72-84 hours during most work weeks, including time spent traveling between job sites.

57.

Throughout the Relevant Time Period, Shiggs regularly worked in excess of 40 hours during each work week.

58.

Throughout the Relevant Time Period, Security Associates required that Shiggs log in and out for each work shift using a time app.

59.

Throughout the Relevant Time Period, Shiggs complied with Security Associates' requirement that he log in and out for each work shift using a time app.

60.

Throughout the Relevant Time Period, Security Associates required that Shiggs call dispatch after logging in and out for each work shift.

61.

Throughout the Relevant Time Period, Shiggs complied with Security Associates' requirement that he call dispatch after logging in and out for each work shift.

62.

Throughout the Relevant Time Period, Relevant Time Period, Security Associates was aware of the actual hours that Shiggs worked during each work week.

63.

Throughout the Relevant Time Period, Security Associates was aware that Shiggs worked in excess of 40 hours during most, if not all, work weeks.

64.

Throughout the Relevant Time Period, Defendant often truncated the hours Shiggs worked.

65.

Throughout the Relevant Time Period, Security Associates knew or should have known that the FLSA applied to Shiggs.

66.

Throughout the Relevant Time Period, Defendant knew or should have known that Section 7 of the FLSA required that Defendant compensate Shiggs at one–and–one–half times his regular hourly rate for work performed in excess of forty hours in a workweek.

67.

Throughout the Relevant Time Period, Security Associates compensated Shiggs at an hourly rate.

68.

Throughout the Relevant Time Period, Security Associates compensated Shiggs at hourly rates ranging from $12.00-$18.00.

69.

Throughout the Relevant Time Period, Defendant failed to compensate Shiggs at one-and-one half times his regular hourly rate for all hours worked in excess of 40 hours during each work week.

## COUNT I–FAILURE TO PAY OVERTIME

70.

The allegations in paragraphs 1 through 69 are incorporated as if fully set out in this paragraph.

71.

Throughout the Relevant Time Period, Shiggs has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

72.

Throughout the Relevant Time Period, Shiggs regularly worked in excess of 40 hours each week.

73.

Throughout the Relevant Time Period, Defendant failed to compensate Shiggs at one and one-half times his regular hourly rate for work in excess of 40 hours during each work week, in violation of FLSA § 7(b), 29 U.S.C. § 207.

74.

Defendant's failure to compensate Shiggs in accordance with FLSA § 7(b), 29 U.S.C. § 207, was willful within the meaning of FLSA § 55, 29 U.S.C. § 255.

75.

Shiggs is entitled to payment of due but unpaid overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

76.

As a result of the underpayment of overtime compensation as alleged above, Shiggs is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

77.

As a result of the underpayment of overtime compensation as alleged above, Shiggs is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Shiggs respectfully prays:

1. That his claims be tried before a jury;

2. That he be awarded due but unpaid overtime compensation in amounts to be determined at trial against Defendant;

3. That they be awarded additional like amounts in liquidated damages; against Defendant;

4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant;

5. That he be awarded nominal damages; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/ Michael A. Caldwell
Michael A. Caldwell
Ga. Bar No. 102775

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/Charles R. Bridgers
Charles R. Bridgers
Ga. Bar No. 080791

COUNSEL FOR PLAINTIFF